76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilton Larron MAHAFFEY, Defendant-Appellant.
 No. 95-30123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1996.
Decided Jan. 25, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wilton Larron Mahaffey appeals his convictions of five counts of mail fraud, challenging the sufficiency of the evidence and several evidentiary rulings. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 On December 16, 1994, after a two-day trial, a jury convicted Mahaffey on five counts of mail fraud in violation of 18 U.S.C. § 1341, for his purchase and resale of computers in connection with the performance of a government defense contract. As president and CEO of AeroLift, Inc., Mahaffey orchestrated the lease, purchase, and resale of 5 IBM RT computers, which he charged to the government as an overhead expense for AeroLift's contract with the Defense Advanced Research Projects Agency (DARPA) to refurbish a hybrid airship called the CycloCrane. Mahaffey was sentenced to 2 years and three months imprisonment, a three-year term of supervised release, a fine of $50,000, a special assessment of $50 for each count, and restitution in the amount of $373,972. Mahaffey now appeals.
 
 ANALYSIS
 
 4
 We find that there was sufficient evidence to support Mahaffey's convictions of mail fraud. In the light most favorable to the prosecution, the following facts were established at trial: Mahaffey authorized and oversaw all of the key transactions involving the computers charged to DARPA's account. He purchased the computers on behalf of AeroLift from a computer dealer that sold only to other dealers who were buying to resell the computers to end users. During his tenure as CEO, Mahaffey circulated a memo at AeroLift describing the "AeroLift Information Services Division"--a division of AeroLift intended to earn new revenue from the resale of IBM RTs as a value-added installer. He arranged AeroLift's lease of the computers so that AeroLift could buy the computers at the end of the lease for 10 percent. He directed his employees to bill the six lease payments of $36,000 to the contract's "overhead" account, and he later threatened with firing two of his employees if they spoke to the auditor about the account. Before the lease was up, AeroLift sold two of the computers as "new" to Madix and set up the computers for Madix as a turnkey operator. None of the computers purchased by AeroLift was ever used for work on the DARPA contract. Finally, it was stipulated at trial that the U.S. mails were used five times for reimbursement of the overhead account on the DARPA contract.
 
 
 5
 These facts are sufficient for a rational jury to conclude that Mahaffey's lease, purchase, and later resale of the computers charged to DARPA were part of a scheme reasonably calculated to deceive the government into paying for computers that AeroLift could sell for purposes other than use on the DARPA contract. United States v. Green, 745 F.2d 1205, 1207 (9th Cir.1984), cert. denied, 474 U.S. 925 (1985).
 
 
 6
 As far as Mahaffey's two evidentiary objections, concerning the court's use of telephone testimony for a defense witness and its alleged pressuring of the defense to forego calling one of its other witnesses to the stand, he waived these objections by agreeing to or inviting both evidentiary rulings below. Telephone testimony may be prohibited by Federal Rule of Criminal Procedure 26, which requires testimony "be taken orally in open court," but we decline to reach the issue because the defense agreed to the use of telephone testimony at trial. Likewise, the record shows that the defense chose voluntarily to forego calling one of its other witnesses.
 
 
 7
 Accordingly, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3